UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS L.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:19-cv-05081-BAT

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING WITH PREJUDICE**

Plaintiff appeals the denial of his application for Social Security Disability Insurance and Supplemental Security Income disability benefits. He contends the Administrative Law Judge ("ALJ") erred in his evaluation of the medical opinion evidence and of Plaintiff's subjective claims, all of which resulted in an erroneous residual functional capacity ("RFC") assessment. Dkt. 12, p. 1. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**BACKGROUND**

On May 8, 2015 (protective), Plaintiff applied for Social Security Disability Insurance benefits (SSDI) and Supplemental Security Income disability benefits (SSI), under Titles II and XVI, respectively, of the Social Security Act (the Act), alleging disability beginning July 1, 2014 (amended), with a date last insured of December 31, 2014. Tr. 55, 255. 42 USC §§ 423 (d) (1) (A), 1382c (a) (3). On September 1, 2015, the claims were denied initially, and on January 15, 2016, on reconsideration. Tr. 126-32. On February 8, 2016, Plaintiff requested a hearing. Tr.

136-41. On July 18, 2017, ALJ S. Andrew Grace held the hearing, with Plaintiff, his attorney, and a vocational expert (VE) in attendance. Tr. 52-79.

Utilizing the five-step disability evaluation process (20 C.F.R. §§ 404.1520, 416.920), the ALJ determined at steps one through three, that Plaintiff had not engaged in substantial gainful activity during the period at issue; Plaintiff established degenerative disc disease; hearing loss; headache; anxiety; and major depressive disorder; and these impairments did not meet the Listings (20 C.F.R. Part 404, Subpart P. Appendix 1). Tr. 26, 27.

The ALJ then assessed Plaintiff with the following RFC: Light work; never climb ladders, ropes, or scaffolds; never crawl; occasionally climb ramps and stairs, balance, stoop, kneel, and crouch; frequently push and pull bilaterally; perform simple, routine, and repetitive tasks, consistent with unskilled work; low stress work, defined as work requiring few decisions and/or changes; tolerate moderate noise level, which is defined as noise level of a department store or grocery store; avoid concentrated exposure to vibrations and hazards. Tr. 28. At step four, the ALJ found that Plaintiff could not perform his past relevant work. Tr. 43.

At step five, the ALJ relied on a vocational expert, who testified Plaintiff could perform a significant number of jobs such as Housekeeper, DOT 323.687-014, light, unskilled SVP 2, with 140,000 such jobs in the national economy and 2,500 in the state of Washington; and Price marker, DOT 209.587-034, light, unskilled SVP 2, with 25,000 jobs nationally and 200 in Washington. Tr. 44.

On January 31, 2018, the ALJ issued a decision finding Plaintiff not disabled. Tr. 21-51. The Appeals Council denied Plaintiff's request for review on December 18, 2018. Thus, the ALJ's decision is the final decision of the Commissioner, and is ripe for judicial review.

**DISCUSSION**

The Court will reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

**A.      Evaluation of Medical Evidence**

Plaintiff contends the ALJ failed to reasonably evaluate the opinions of examining physician Ronald Goldberg, M.D.; treating nurse practitioner Erin Chase, A.R.N.P.; examining psychiatrist Peter Weiss, Ph.D.; and counselor Phillip Williams, M.A., L.M.H.C.

In cases filed before March 27, 2017, more weight should be given to the opinions of treating and examining doctors than to the opinions of doctors who do not treat the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); see 20 C.F.R. § 404.1527(c)(2); SSR 96-2p. The ALJ must "explain in the decision the weight given to the opinions" of all acceptable medical sources. 20 C.F.R. § 404.1527(e)(2)(ii) (2016). An ALJ may reject the opinion of an examining physician that is contradicted by the opinion of a non-examining physician for specific and legitimate reasons. *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002).

An ALJ may discount "other source" evidence, such as nurse practitioners and counselors (*see* 20 C.F.R. §§ 404.1502, 416.902 (defining acceptable medical sources)), by offering any reason that is "germane" to the opinion. *Molina v. Astrue*, 674 F.3d at 1112.

### 1. Ronald Goldberg, M.D. –- Examining Physician

In August 2015, Dr. Goldberg examined Plaintiff and opined that Plaintiff could lift ten pounds occasionally and frequently, could stand and walk at least two hours, and could sit at least four hours. Tr. 33-34, 566-70. Dr. Goldberg noted that Plaintiff's movement of his left shoulder was "guarded" but with "full [range of motion]," and that he would be limited to occasional reaching. Tr. 568-569.

The ALJ gave limited weight to Dr. Goldberg's opinion. He first concluded there was no objective evidence to support the lifting or left arm reaching limitations except for Plaintiff's guarding that Dr. Goldberg noticed during his examination. In addition, in October 2016, Plaintiff told his primary care provider that he planned to move a refrigerator. Tr. 42. Plaintiff's counsel argues there is "nothing in the record" to show that Plaintiff ever moved a refrigerator, or if he did, whether he required help or experienced pain or downtime after doing so. It is not known whether Plaintiff actually moved the refrigerator as planned, but it was not error for the ALJ to conclude that Plaintiff's willingness to move a refrigerator at a time when he claimed significant pain and disability from degenerative disc disease, suggested he was not as limited as Dr. Goldberg opined. An ALJ should consider the support a medical source provides for an opinion, particularly medical signs and laboratory findings. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). *See also Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (An ALJ may discount an opinion because it is not supported by clinical findings). And, an ALJ may discount an opinion where the restrictions appear inconsistent with the claimant's activities. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Thus, the ALJ did not err in finding the lack of objective evidence or Plaintiff's activities (or planned activities) showed a greater capacity than the limitations described in Dr. Goldberg's decision.

Plaintiff also argues that the ALJ failed to take into account that he was on a "great deal of pain medication," including Percocet, Methadone, and Gabapentin, which "could reasonably be prescribed not just for the back, but for other sources of pain, such as moving the left shoulder in a guarded fashion." Dkt. 14, p. 2. Plaintiff points to no evidence, however, showing that he was prescribed this or any other medication for his shoulder or that he has in fact, any shoulder impairment. Dr. Goldberg recorded that Plaintiff had a full range of motion in his shoulder and did not diagnose any shoulder impairment. Tr. 568. Also, the March 18, 2016 physical functional assessment performed by ARNP Chase, Plaintiff's treating nurse practitioner, reflects that Plaintiff has no reaching limitations. Tr. 595.

Dr. Goldberg's assessment of a capacity to stand/walk "at least" 2 hours, implied a capacity for less than 6 hours of standing and/or walking at the light exertional range. The ALJ concluded that this capacity was inconsistent with the overall evidence including imaging results showing only mild findings (*see* negative lumbar x-rays in 2014 (Tr. 33, 566); only mild findings in 2015 x-rays) (Tr. 34, 569, 571-72)). The ALJ also noted objective examinations showing Plaintiff ambulated normally and was neurologically intact. Tr. 30-40, citing, *e.g.*, Tr. 422, 579, 1017. Further, the ALJ noted that Plaintiff's pain was stable under a conservative care plan of medication management. Plaintiff's treating nurse, Erin Chase, indicated in March 2017, that Plaintiff did not need treatment by a pain specialist because his pain and functioning were stable and he was on a non-escalating dosage of opioids. Tr. 40, 740.

An ALJ will generally give more weight to an opinion that is consistent with the record as a whole. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). The ALJ gave specific and legitimate reasons for discounting portions of Dr. Goldberg's opinion.

### 2. Erin Chase, A.R.N.P. — Treating Nurse Practitioner

Erin Chase, ARNP, completed DSHS disability forms in August 2014, April 2015, and March 2016. Tr. 377-83, 692-94. She also completed a physical functional assessment on March 18, 2016, in which she opined that since July 1, 2014, Plaintiff could sit 2 hours in 15 minute intervals, with breaks, and stand/walk 2 hours, in 10 minute intervals, with breaks, over the course of a work-day; and he would likely be absent from work an average of 4 times per month due to pain, headaches, and depression. Tr. 594-506. Ms. Chase noted Plaintiff's medications of Methadone and Oxycodone with side effects of "sedation slowed reflexes," and Gabapentin with side effects of "sedation." Tr. 595.

The ALJ first discounted Ms. Chase's noted limitations because they were inconsistent with objective clinical findings and imaging results (lumbar spine x-rays showing mild scoliosis but no subluxation; normal visualized vertebral osseous structures; mild anterior osteophytic spurring at L4 and L5; and otherwise well preserve disc spaces, normal sacroiliac joints, and unremarkable paraspinous soft tissues; with only mild degeneration). Tr. 41, 630. Second, the ALJ observed that Ms. Chase's opinions were inconsistent with her treatment notes, which showed Plaintiff's pain was stable on medication. Tr. 41 (*see*, *e.g.*, Tr. 866, 873). She also reported that Plaintiff did not need treatment by a pain specialist because his pain and functioning were stable. Tr. 40, 740.

Third, the ALJ discounted Ms. Chase's opinions because Plaintiff's situational depression was controlled with appropriate medication and counseling. Tr. 41. Plaintiff had reported increased symptoms after a medical change to Wellbutrin, but then reported significant improvement after switching to the antidepressant Lexapro. Tr. 37-38, 682, 864, 871. Fourth, the ALJ discounted Ms. Chase's opinions because they were inconsistent with her objective

examinations, which routinely showed that Plaintiff ambulated with a normal gait, was neurologically intact, and had normal mental status examinations. Tr. 41 (*see* Tr. 30-40, 422, 579, 1017).

The ALJ also discounted Ms. Chase's opinions because Plaintiff only briefly participated in physical therapy and did not finish the recommended course of treatment. Tr. 41. In January 2016, Plaintiff reported increased pain, and Ms. Chase referred him to physical therapy. Tr. 35, 886. Plaintiff attended an intake session where the therapist assessed good rehabilitation potential and recommended sessions twice a week for four weeks. Tr. 35-36, 720. Plaintiff attended only one follow up appointment and after one cancelation, two no-shows, and a failure to return phone calls, the therapist discharged him. Tr. 36, 705. In March 2016, Plaintiff again requested physical therapy. He reported to four sessions. Tr. 36, 716, 873-84. He later told Ms. Chase that he forgot to go to the additional sessions. Tr. 38, 861.

Plaintiff argues that the record does not include any information on whether the physical therapy was helpful (he testified that it was not) or if he had other reasons for cessation. Dkt. 12, p. 8. The Court does not agree that the ALJ was required to find other reasons for Plaintiff's failure to participate in physical therapy as recommended. Tr. 861. Plaintiff's failure to participate in physical therapy as recommended is a germane reason to discount Ms. Chase's opinions. *See*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (An ALJ may consider claimant's "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment."

In sum, the ALJ gave germane reasons for discounting portions of Ms. Chase's opinions.

### 3. Peter Weiss, Ph.D. — Examining Phychiatrist

Dr. Weiss performed a DSHS psychological evaluation of Plaintiff in April 2016. Tr. 36-37, 699-703. Dr. Weiss opined that Plaintiff would have moderate limitation in several areas of functioning, and marked limitations in his ability to perform activities within a schedule and complete a normal workweek without interruption from psychological symptoms. Tr. 701. The ALJ accorded little weight to this opinion because, "the record shows that at the time of the evaluation, [Plaintiff] was experiencing more acute symptoms (7F82 86; 12F69), but his symptoms improved and stabilized with appropriate medication, and by June 2016, he reported a dramatic improvement in his mood with Lexapro (12F62)."

The record shows that the day after his psychological evaluation, Plaintiff reported to Ms. Chase that his depression had relapsed. Tr. 37, 41, 871. Three weeks after Dr. Weiss's evaluation, Plaintiff reported to the emergency department for a mental health evaluation, reporting increased irritability since starting on the antidepressant Wellbutrin. Tr. 37, 41, 678, 682. He responded favorably to treatment and was discharged a few hours later. Tr. 37, 41, 682. By June 2016, Plaintiff was reporting a dramatic improvement in his mood with the antidepressant Lexapro. Tr. 41, 864. "Such evidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Here the ALJ discounted Dr. Weiss's evaluation because it represented a short period of acute symptoms and was not consistent with Plaintiff's functioning over time. Tr. 41. This was not error. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4); *cf. Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) (An ALJ will generally give more weight to an opinion that is consistent with the record as a whole). Plaintiff argues that doing well or responding to treatment does not necessarily show he can function in the workplace. However, there is nothing in the

record to suggest that Plaintiff's depression was so severe that it would cause him to miss three full days of work a month.

### 4. Phillip Williams, M.A., L.M.H.C. –- Counselor

In April 2017, Phillip Williams, Plaintiff's mental health counselor, completed a medical source statement in April 2017. Tr. 954-57. He opined that Plaintiff's pain and depression precluded performance or productivity for ten percent of an eight hour workday in multiple work related areas such as the ability to maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; sustain an ordinary routine without special supervision; work in coordination with or proximity to others without being unduly distracted by them; complete a normal workday and workweek without interruptions from psychologically based symptom, and perform at a consistent pace without an unreasonable number and length of rest periods; and get along with coworkers. Tr. 954-56. Mr. Williams further opined that Plaintiff's mental impairments and treatment would likely result in absences three times per month and being off task twenty percent of a workday or week. Tr. 957.

The ALJ gave partial weight to the opinion with regard to the range of mild to moderate limitations in Plaintiff's ability to perform work related mental activities. However, the ALJ discounted Mr. Williams' opinion pertaining to marked limitations and the need to be off task and absent for work because it was inconsistent with the medical evidence, Plaintiff's conservative treatment and improvement with appropriate medication, and largely normal mental status examinations. Tr. 42. These were germane reasons for discounting Mr. Williams' opinion.

As previously noted, Plaintiff experienced a relapse of symptoms when his antidepressant medication was changed to Wellbutrin, and he reported a "dramatic improvement" when he

switched to Lexapro. Tr. 37-38, 682, 864. At the hearing, Plaintiff reported that his depression was better with medication, although still present to some degree. Tr. 30, 65. "Impairments that can be controlled effectively with medication are not disabling . . . ." *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). And, as previously noted, there is nothing to indicate that Plaintiff's depression was so severe it would cause him to miss three full days of work a month.

The ALJ also discounted Mr. William's opinion because it was not consistent with Plaintiff's conservative mental health treatment. Tr. 42. The record reflects treatment with a low-dose antidepressant and only sporadic periods of counseling. "[E]vidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment." *Cf. Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (internal quotation marks omitted).

In summary, the Court finds the ALJ did not err in the weight he assigned to the medical evidence. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (even if there is more than one reasonable interpretation of the evidence, the Court will not substitute its judgment for the judgment of the ALJ).

**B.     Evaluation of Plaintiff's Subjective Complaints**

The ALJ found Plaintiff's allegations of disabling symptoms to be inconsistent with the medical and other evidence in the record. Tr. 40. The ALJ is responsible for weighing a claimant's allegations and resolving ambiguities in the evidence. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). When assessing a claimant's allegations, the Commissioner will consider all of the available evidence and will apply several factors in determining the extent to which a claimant's alleged limitations can reasonably be accepted as consistent with the medical evidence and other evidence. 20 C.F.R. § 404.1529(c). "In considering the intensity, persistence,

and limiting effects of an individual's symptoms, we examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." SSR 16-3p, available at 2017 WL 5180304 (as amended). Clear and convincing reasons are required to reject a claimant's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1015 n. 18 (9th Cir. 2014).

At the hearing, Plaintiff testified that he stopped attending college classes due to headaches and problems concentrating; his primary physical symptoms included lower back pain radiating to his leg and numbness in his fingers and toes; he described difficulties doing dishes due to pain; his treatment involved pain medications, methadone, Percocet, and Gabapentin and the combination of pain medications alleviated most of the pain most of the time; physical therapy did not help; he had not tried injection therapy; his headaches were constant and were helped by Gabapentin in combination with Excedrin; his depression symptoms were exacerbated the previous year, but his current anti-depressant and mental health counseling were helping; his daily activities included watching television and sometimes visiting a friend; he sometimes took his daughter to school, but he did not drive much due to his medications. Tr. 30.

The ALJ first discounted Plaintiff's subjective complaints because his pain was generally controlled and stable with conservative medication management. Tr. 40. This was not error. *Celaya v. Halter*, 332 F.3d 1177, 1181 (9th Cir. 2003) ("[T]he ALJ reasonably noted that the underlying complaints upon which [his] reports of pain were predicated had come under control."); 20 C.F.R. §§ 404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v) (the nature of treatment received and effectiveness of medication are relevant to the evaluation of a claimant's alleged symptoms). As previously noted, Ms. Chase repeatedly reported that Plaintiff's pain was stable,

and his prescription did not change. Tr. 30-40; *see also*, *e.g.*, Tr. 388, 391, 393, 395, 397, 402, 575, 582, 587, 847. At one point, Plaintiff rated his pain at five out of ten and stated the pain was tolerable. Tr. 38, 861.

Next, the ALJ discounted Plaintiff's reports because he did not follow through with recommended treatment, specifically physical therapy. Tr. 40. When the extent of treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, the ALJ may find that the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record. SSR 16-3p, at *9. The ALJ observed that Plaintiff's participation in physical therapy was brief and inconsistent and he did not complete the recommended sessions. Tr. 40; Tr. 35-36, 705, 716, 720. It was not error for the ALJ to find this evidence indicated that Plaintiff's pain was not as persistent, intense, and limiting as he alleged. Tr. 40.

The ALJ also found there was no evidence to support problems with medication side effects. Tr. 40. The ALJ considers conflicts between a claimant's statements and the record evidence. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). Plaintiff alleged that his medications Gabapentin, Methadone, and Percocet resulted in adverse side effects of drowsiness and feeling high. Tr. 29, 314. However, office visit notes from Ms. Chase indicate Plaintiff routinely followed up for renewals of his pain medications with no notations regarding adverse side effects. Tr. 40, see Tr. 30-40. The ALJ did note that in August 2016, Plaintiff reported drowsiness from his headache medication Sumatriptan; but in December 2016, Plaintiff reported headache improvement with an adequate dosage of gabapentin and had no side effect complaints with this medication. Tr. 40, 848, 857.

The ALJ also discounted Plaintiff' subjective complaints of disabling mental health limitations. The ALJ noted that these complaints were inconsistent with Plaintiff's mental status examinations, which were routinely within normal limits and were inconsistent with the degree of limitation alleged in memory concentration and functional problems. The ALJ further noted that Plaintiff's mental health issues were largely episodic in the context of family and relationship problems and that Plaintiff endorsed improvement with medication and counseling. Tr. 40; *see*, *e.g.*, Tr. 404, 422, 579, 864, 888, 1017. Objective medical evidence is an important indicator when considering the intensity and persistence of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).

In sum, the ALJ noted where Plaintiff's allegations conflicted with the medical evidence or were internally inconsistent; where Plaintiff failed to follow through with recommended therapy; and, where Plaintiff's symptoms improved with conservative treatment. Even if one reason is invalid, the ALJ's finding is affirmed, as the ALJ gave several reasons supported by substantial evidence. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (upholding an ALJ's credibility determination although two of the ALJ's reasons were invalid).

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

**DATED** this 18th day of July, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge